# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-40759
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Lee Pride,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-255-1

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jason Pride pleaded guilty of conspiracy to distribute and possess with intent to distribute fentanyl and was sentenced, per the agreement of counsel, below the guidelines range to 288 months of imprisonment and five years of supervised release. In his plea agreement, Pride waived the right to an appeal and to collateral challenge of his conviction, sentence, fine, restitution order, and forfeiture order. The waiver reserved, however, the right to appeal any

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40759

punishment in excess of the statutory maximum and to bring a claim of ineffective assistance of counsel.  Pride timely appealed.

The attorney appointed to represent Pride on appeal has moved to withdraw and has filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).  Counsel has certified, per *United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006), that the government intends to enforce the appeal waiver.  Pride was informed of the *Anders* motion and of his right to respond but has not filed a response.

A court-appointed attorney may move to withdraw on appeal if, "after a conscientious examination of" the record, counsel determines that an appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744.  Counsel must submit "a brief referring to anything in the record that might arguably support the appeal." *Id.*  If the brief is facially adequate, the court reviews the portions of the record that relate to the issues discussed in the brief.  *Flores*, 632 F.3d at 232–33.  We grant an *Anders* motion if the appeal presents no "legal points arguable on their merits" and is therefore "wholly frivolous." *Anders*, 386 U.S. at 744.

To begin, the *Anders* brief is facially adequate.[1]  Accordingly, we limit our analysis to the portions of the record that relate to the issues discussed in the brief.  Nevertheless, because there is at least one non-frivolous ground for appeal, the motion to withdraw is accordingly denied.

The district court ordered that Pride provide the probation officer with access to any requested financial information to monitor his sources of income.  That condition is not mandatory under 18 U.S.C. § 3583(d).  As a result, the district court may impose the condition only if it satisfies the fol-

---

[1] *See Flores*, 632 F.3d at 232 (citing the *Anders* brief's compliance with the Fifth Circuit *Anders* checklist as evidence of facial adequacy).

lowing three requirements: (1) The condition is reasonably related to one of the sentencing factors listed in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D); (2) it does not "impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from [Pride], and advance [Pride's] correctional needs"; and (3) it is consistent with the Sentencing Commission's policy statements. *United States v. Mendoza*, 170 F.4th 921, 926 (5th Cir. 2026) (citation modified).

It is arguable whether the imposition of a financial-disclosure condition is permitted by statute. We have concluded that, in the absence of a restitution order, financial-disclosure and credit-approval provisions "impose[d] a greater deprivation of liberty than is reasonably necessary to carry out the statutory goals" in violation of 18 U.S.C. § 3583(d). *Id.* at 927. *Mendoza* provides a basis for a non-frivolous claim that the special condition is improper.

But the aforementioned analysis is irrelevant if Pride's appeal waiver is valid. Pride agreed to an appeal waiver and affirmed at the hearing that he understood that he was giving up his right to appeal, save for those exceptions listed in the waiver, and that he was voluntarily entering his guilty plea, so his waiver was "knowing and voluntary." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The plea waiver provided exceptions only for punishments imposed in excess of the statutory maximum and for claims of ineffective assistance of counsel. But, since Pride filed his appeal, the Supreme Court has decided *Hunter v. United States*, No. 24-1063, 2026 WL 1751815 (U.S. June 18, 2026), and recognized a miscarriage-of-justice exception for otherwise valid appeal waivers. *Id.* at *8.

*Hunter* provides that the miscarriage-of-justice exception applies if the court imposes a sentence "exceeding what the relevant statute allows— most commonly, a term of years above the maximum prescribed." *Id.* *Hun-*

No. 25-40759

*ter*, paired with *Mendoza*, gives rise to a non-frivolous, even if somewhat strained,[2] argument that the miscarriage-of-justice exception may apply in this case and could open the door for an appeal of the financial-disclosure condition. The *Anders* motion to withdraw is DENIED. Counsel is ORDERED to file, within 30 days, a merits brief addressing this and any other nonfrivolous issues that counsel deems appropriate. The Clerk's Office is DIRECTED to establish a briefing schedule.

---

[2] *Hunter* states that an appeal waiver may be set aside "only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make. And it must be of the type that would undermine public confidence in the judiciary." *Id.* That language suggests that the type of reasonableness inquiry at play in 18 U.S.C. § 3583(d) may be beyond the scope of *Hunter*'s exception, but it does not put the matter beyond dispute.